41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tomie L. BELCHER, Defendant-Appellant.
 No. 94-3112.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, REAVLEY,[2] and ANDERSON, Circuit Judges.
 
 
 1
 Tomie L. Belcher appeals from the district court's denial of his motion to dismiss the government's superseding indictment charging him with four counts of filing false income tax returns in violation of 26 U.S.C. 7206(1). In this interlocutory appeal Belcher contends that the district court erred in ruling that a retrial following our reversal of his previous conviction does not violate the Double Jeopardy Clause of the Fifth Amendment. Alternatively, he contends that the court erred in ruling that the date of the original indictment tolled the statute of limitations, 26 U.S.C. 6531(5), for the charges alleged in the superseding indictment. We affirm.
 
 BACKGROUND
 
 2
 In September, 1991, Mr. Belcher was indicted on four counts of filing false income tax returns in violation of 26 U.S.C. 7206(1). In each count, the specific factual allegation concerned Belcher's underreporting taxable income. Appellant's App. Tab 2. At trial, Belcher offered evidence concerning unreported business deductions. The district court instructed the jury that the existence of legitimate business expense deductions was not a defense to the charge of willfully filing a false tax return, and the jury convicted on all counts. Belcher appealed, and we initially affirmed. However, upon rehearing, we determined that the jury instruction was erroneous. Since the indictment specifically required the government to prove that Belcher misrepresented his taxable income, the alleged existence of unreported deductions was a proper defense which the jury should have considered. United States v. Belcher, No. 92-3248, 1993 WL 556770 at * 1 (10th Cir. Dec. 14, 1993) ("Belcher I ").
 
 
 3
 Because the erroneous instruction raised the possibility that Belcher was convicted of an offense other than that charged in the indictment, we reversed and remanded for a new trial. Id. at * 2. Following remand, on March 9, 1994, a grand jury returned a superseding indictment, which is similar to the original, except that the factual allegation specifies Belcher's failure to report gross rather than taxable income. Appellant's App. Tab 1.
 
 DISCUSSION
 
 4
 A. Double Jeopardy.
 
 
 5
 We review de novo the district court's legal conclusion on a double jeopardy claim. United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991).
 
 
 6
 Belcher acknowledges that retrial is not barred if reversal is due to trial error, but correctly argues that it is barred if reversal is due to insufficient evidence. Appellant's Br. at 10. Contending that our reversal in Belcher I was based on insufficient evidence, he claims that his retrial for the same offense is absolutely barred. To the extent that the superseding indictment varies from the original, he claims that the Double Jeopardy Clause applies under the "same evidence" doctrine.[3] These arguments fail since they are founded upon an incorrect characterization of our previous reversal.
 
 
 7
 In Belcher I we reversed for trial error, not for insufficient evidence. In fact, our ruling expressly excluded sufficiency of the evidence from consideration. "Even assuming that ... a conviction for the charge contained in the indictment is well supported, the convictions must nevertheless be reversed because the court's erroneous instructions constructively amended the indictment." Belcher I, 1993 WL 556770 at * 2.
 
 
 8
 The Double Jeopardy Clause does not prevent retrial if reversal is based upon the trial court's improper jury instruction. See Burks v. United States, 437 U.S. 1, 15 (1978).
 
 
 9
 B. Statute of Limitations.
 
 
 10
 We review de novo the district court's application of the statute of limitations. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993). Generally, the date of the original indictment tolls the limitations period as to charges alleged. United States v. Davis, 953 F.2d 1482, 1491 (10th Cir.), cert. denied, 112 S.Ct. 2286 (1992). A superseding indictment relates back to the original indictment unless it broadens or substantially amends the charges. Id. Notice to the defendant is the key element in determining whether a superseding indictment broadens or substantially amends the original charges. Id.
 
 
 11
 In interpreting an indictment, we are governed by practical rather than technical considerations." United States v. Phillips, 869 F.2d 1361,1364 (10th Cir.1988), cert. denied, 490 U.S. 1069 (1989). We view an indictment in its entirety, construing it according to common sense and interpreting it to include facts which are necessarily implied. Id.
 
 
 12
 In his double jeopardy argument, Belcher vigorously contended that the original and superseding indictments charged him with the same offense, violations of 26 U.S.C. 7206(1). Appellant's Br. at 15-16. For this alternative statute of limitations argument, Belcher contends that the original and superseding indictments charge "substantially dissimilar" offenses. Id. at 22-23.
 
 
 13
 Because the original indictment contained the factual allegation of "failure to report taxable income," while the superseding indictment contains the factual allegation of "failure to report gross income," Belcher argues that "a substantial amendment has taken place and the superseding indictment has broadened the charges." Id. at 23. Therefore, he continues, the date of the original indictment does not toll the statute of limitations, and two of the four counts charged under the superseding indictment are outside the applicable period.
 
 
 14
 The government responds that the basic offense, filing a false return in violation of 26 U.S.C. 7206(1), remains the same. Therefore, it contends, the superseding indictment relates back to the original.
 
 
 15
 To determine whether the superseding indictment broadens or substantially amends the original, we compare the language of each. Count one of the original indictment provides:
 
 
 16
 On or about the 15th day of April, 1986, in the District of Kansas, the defendant, TOMIE L. BELCHER ... did ... willfully make and subscribe a ... Tax Return (Form 1040) for the year 1985, which was verified by a written declaration that it was made under the penalties of perjury and ... which ... he did not believe to be true and correct as to every material matter, in that [it] did state on line 37 that his taxable income was $672.54, when in truth and in fact as TOMIE L. BELCHER well knew, his taxable income for the year 1985 was substantially in excess of $672.54.
 
 
 17
 In violation of Title 26, United States Code, section 7206(1). Appellant's App. Tab 2 (emphasis added). Count one of the superseding indictment is identical to the original, except that it omits the allegation concerning taxable income and substitutes an allegation concerning gross income:
 
 
 18
 which ... he did not believe to be true and correct as to every material matter, in that [it] did not report any Schedule C (Profit or Loss From Business) gross receipts or sales, to wit: approximately $80,657.46, when in truth and in fact as TOMIE L. BELCHER well knew, his gross receipts for the year 1985 were approximately $80,657.46.
 
 Id. at Tab 1 (emphasis added).[4]
 
 19
 In Belcher I we found that the government had made the specific allegation of underreporting taxable income an "essential element" of the offense:
 
 
 20
 [T]he factual allegations in the indictment regarding Belcher's under-reporting his taxable income are not mere surplusage....
 
 
 21
 ... [T]he Government made taxable income an essential element of the offense by framing the indictment as it did.... [B]y obtaining a narrow indictment, the government limited the bases upon which Belcher could be convicted.
 
 
 22
 Belcher I, 1993 WL 556770 at * 2 (citations omitted). We reversed because the jury instructions impermissibly expanded those bases, raising "the possibility that Belcher was convicted of falsifying his gross income, rather than his taxable income. Such an expansion of the scope of an indictment is unconstitutional and constitutes reversible error per se." Id.
 
 
 23
 It does not follow from our reasoning in Belcher I that the reference to gross income in the superseding indictment substantially amended or broadened the charge in the original indictment. Indeed, it narrowed the charge. A charge of falsely underreporting taxable income potentially includes each step necessary to arrive at that point.[5] At the threshold, it requires proof beyond a reasonable doubt of gross income as a foundation for what follows.
 
 
 24
 The original indictment put Belcher on notice that the component of his gross income would be addressed. In fact, Belcher does not claim any lack of notice, nor could he under the circumstances.[6] At trial, he specifically defended the issue of his gross income. See Appellant's Br. at 3-4; Appellant's App., Tab 4 and unnumbered 3; Tab 5 at 473, 620; Tab 7, Tab 11 at 2-3; Tab 13 at 2.
 
 
 25
 We conclude that the original indictment fairly encompasses gross income in the charge of falsely reporting taxable income and gave Mr. Belcher adequate notice as to that point. Accordingly, the date of the original indictment tolled the statute of limitations for the superseding indictment, and the district court did not err in refusing to dismiss Counts one and two as outside the applicable period.
 
 
 26
 For the reasons stated above, the order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [3]
 See, e.g., United States v. Dixon, 113 S.Ct. 2849, 2858 (1993) (barring a defendant's prosecution for criminal violations based on the same conduct and elements which formed the basis of an earlier criminal contempt conviction)
 
 
 [4]
 Counts two through four of the respective indictments repeat this general pattern, differing only in the amounts and year of offense
 
 
 [5]
 "[T]he term taxable income' means gross income minus [allowable] deductions." 26 U.S.C. 63(a)
 
 
 [6]
 In addition to the practical notice Belcher had under the indictment itself, the Omnibus Hearing Report indicates that he had full access to all government documents and evidence. Appellant's App., Tab 12. Thus, he was given the full details of the government's case, comparable to a Bill of Particulars under Fed.R.Crim.P. 7(f)